**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

THE NEW YORK TIMES COMPANY, *et al.*

*Plaintiffs,*

v.

DEPARTMENT OF DEFENSE, *et al.*,

*Defendants*.

**Civil Case No. 26-cv-1690 (PLF)**

## PLAINTIFFS' [PROPOSED] ORDER

Upon consideration of the Motion for Preliminary Injunction filed by Plaintiffs The New York Times Company ("The Times") and Julian E. Barnes ("Barnes"), and all memoranda, declarations, and exhibits submitted in support of or in opposition to the motion, and the entire record herein, for the reasons set forth in the accompanying Memorandum Opinion and pursuant to Federal Rule of Civil Procedure 65—

It is **ORDERED** that Plaintiffs' Motion for Preliminary Injunction is **GRANTED** because Plaintiffs have shown (1) that they are likely to succeed on the merits of their claims that the provisions listed below violate the First Amendment of the U.S. Constitution and the Administrative Procedure Act, (2) that they are likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in Plaintiffs' favor, and (4) that an injunction would be in the public interest.

It is **ORDERED** that Defendants the Department of Defense, Pete Hegseth, Sean Parnell, and Timothy Parlatore; Defendants' officers, agents, servants, employees, and attorneys; and all persons who are in active concert or participation with them are preliminarily **ENJOINED** from enforcing the following provisions of the Department's interim policy pertaining to Pentagon Facility Alternate Credentials ("PFACs") that was issued by the Department on March 23, 2026 as

1

a revised "Pentagon Reservation In-Brief for Media Members" ("In-Brief") attached to a Memorandum for Senior Pentagon Leadership entitled "Implementation of Revised Media In-Brief" ("Memorandum"), Dkt. 1-1 (collectively, the "Interim Policy"):

- The escort requirement and related access limitations set forth on pp. 2–3 of the In-Brief, under the heading "New Media Physical Security Restrictions on the Pentagon Reservation," to the extent not currently enjoined by *New York Times Co. v. Dep't of Def.*, No. CV 25-04218 (PLF), 2026 WL 962252 (D.D.C. Apr. 9, 2026) ("*NYT II*").

- The section on pp. 4–5 of the In-Brief under the heading "Escort Privileges and Procedures," to the extent not currently enjoined by *NYT II.*

It is **ORDERED** that Defendants, their officers, agents, servants, employees, and attorneys, and all persons acting in concert with them are preliminarily **ENJOINED** from enforcing the above-identified provisions against Mr. Barnes or any persons who hold, will hold, or will apply for a PFAC, who are employed by, working on behalf of, or otherwise associated with The Times.


Dated: _____


_____
Paul L. Friedman
United States District Judge