UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE NEW YORK TIMES COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF DEFENSE, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 26-1690 (PLF) |

## ORDER

For the reasons set forth in the Opinion issued this same day, it is hereby

ORDERED that Plaintiffs' Motion for a Preliminary Injunction [Dkt. No. 6] is GRANTED; it is

FURTHER ORDERED that Defendants are preliminarily enjoined from implementing or enforcing the following provisions of the policy pertaining to Pentagon Facilities Alternate Credentials ("PFACs") that was issued by the Department of Defense on March 23, 2026 as a revised "Pentagon Reservation In-Brief for Media Members" ("In-Brief") attached to a Memorandum for Senior Pentagon Leadership entitled "Implementation of Revised Media In Brief" (collectively, the "Interim Policy") [Dkt. No. 1-1] against Mr. Barnes or any persons who hold, will hold, or will apply for a PFAC, who are employed by, working on behalf of, or otherwise associated with The New York Times:

- The escort requirement and related access limitations set forth on pages 2-3 of the In-Brief, under the heading "New Media Physical Security Restrictions on the Pentagon

Reservation," to the extent not currently enjoined by New York Times Co. v. Department of Defense ("NYT II"), Civil Action No. 25-04218 (PLF), 2026 WL 962252 (D.D.C. Apr. 9, 2026); and

- The section on pages 4-5 of the In-Brief under the heading "Escort Privileges and Procedures," to the extent not currently enjoined by NYT II. It is

FURTHER ORDERED that Plaintiffs shall post a bond in the amount of $1.00 by July 7, 2026.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 6|30|26

2